**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RYAN CHRISTIAN** | § | **PETITIONER** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:26-mc-183-HSO-BWR** |
| | § | |
| | § | |
| **MEMORIAL HOSPITAL** | § | |
| **GULFPORT, et al.** | § | **RESPONDENTS** |

**ORDER DENYING PETITIONER'S MOTION [1]
FOR TEMPORARY RESTRAINING ORDER AND
DISMISSING ACTION WITHOUT PREJUDICE**

Petitioner Ryan Christian ("Petitioner") filed a pro se Motion [1] for Temporary Restraining Order concerning his wife's current involuntary commitment. *See* Mot. [1]. Because Petitioner has not shown that he is entitled to seek relief pro se on behalf of his wife, the Motion [1] will be denied, and this miscellaneous action will be dismissed without prejudice.

## I.  BACKGROUND

Petitioner's pro se Motion [1] indicates that Respondents involuntarily committed his wife on June 29, 2026. *See* Mot. [1] at 1. He filed a Motion [1] for Temporary Restraining Order "as Next Friend for [his] wife." Aff. [3] at 1; *see* Mot. [1]. Petitioner asks that the Court "[o]rder US Marshal to immediately release [his] wife from Memorial Hospital Gulfport" and enjoin Respondents "from further detention." Mot. [1] at 1. He claims that "[e]ach minute is false imprisonment" of his wife, that there is "[n]o remedy at law," and that "[p]ublic interest favors constitutional rights." *Id.*

## II.  <u>DISCUSSION</u>

A.    <u>Relevant Legal Authority</u>

A temporary restraining order is a mechanism for affording relief for a limited time, when immediate and irreparable injury, loss, or damage will result to the movant before a party can be heard in opposition.  *See Esparza v. Bd. of Trustees*, 182 F.3d 915, 1999 WL 423109, at *2 (5th Cir. 1999) (citing Fed. R. Civ. P. 65(b)).  For the extraordinary relief of either a temporary restraining order or a preliminary injunction to issue, the party seeking such relief "must satisfy a cumulative burden of proving each of the four elements":

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

B.    <u>Analysis</u>

In his "Affidavit" filed on July 1, 2026, Petitioner states that he filed the Motion [1], which initiated this miscellaneous action, "as Next Friend for [his] wife." Aff. [3] at 1.  28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein," 28 U.S.C. § 1654, which courts "have uniformly interpreted . . . to mean that a person who has not been admitted to the practice of law may not represent anybody other than himself in federal court,"  *Walters v. BG Foods, Inc.*, No. 1:14-

CV-96, 2015 WL 1459953, at *4 (E.D. Tex. Mar. 30, 2015) (collecting cases); *see also, e.g., Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.").

In this case, Petitioner is essentially representing his wife's interests with his pro se Motion [1] as "Next Friend for [his] wife," Aff. [3] at 1, but he has not addressed whether he is permitted to do so, *see id.*; Mot. [1].  "Most federal courts have concluded in various contexts that non-lawyers may not serve as a litigant's next friend pro se."  *Yusif by & through Bortey v. Blanche*, No. EP-26-CV-00596-DCG, 2026 WL 1721280, at *4 (W.D. Tex. June 15, 2026) (collecting cases).  Because Petitioner has not demonstrated that he may represent his wife in this proceeding, his Motion [1] will be denied, and this miscellaneous action will be dismissed without prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Ryan Christian's pro se Motion [1] for Temporary Restraining Order is **DENIED**, and this miscellaneous action is **DISMISSED WITHOUT PREJUDICE**.  A separate Final Judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 1st day of July, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

3